1

SCHIFFRIN BARROWAY
  TOPAZ & KESSLER, LLP

2

Alan R. Plutzik, of Counsel (Bar No. 077785)
2125 Oak Grove Road, Suite 120

3

Walnut Creek, California 94598
Phone:  925-945-0770

4

Fax:  925-945-8792
-and-

5

Lee D. Rudy
Michael J. Hynes

6

Tara P. Kao
280 King of Prussia Road

7

Radnor, PA  19087
Phone: (610) 667-7706

8

Fax: (610) 667-7056

9

Counsel for Plaintiffs
Trudy Murray and Gerald Redwing

10

11

[Additional Counsel on Signature Page]

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

15

TRUDY MURRAY, individually on behalf of all
others similarly situated, and derivatively on

Case No. C07-0872-SBA

16

behalf of Nominal Defendant,
EMBARCADERO TECHNOLOGIES, INC.,

**JOINT MOTION FOR
PRELIMINARY APPROVAL OF
PROPOSED SETTLEMENT**

17

Plaintiff,

18

19

v.

20

STEPHEN R. WONG, et. al.,

21

Defendants.

22

GERALD E. REDWING, derivatively on behalf
of EMBARCADERO TECHNOLOGIES, INC.,

Case No. C07-1401-SBA

23

Plaintiff,

24

v.

25

STEPHEN R. WONG, et. al.,

26

Defendants.

27

28

The Parties hereby move the Court pursuant to FED. R. CIV. P. 23 and 23.1 for an order preliminarily approving the Settlement[1] reached in the above-captioned actions brought individually on behalf of a class of shareholders and/or derivatively for and on behalf of Nominal Defendant Embarcadero Technologies, Inc. ("Embarcadero" or the "Company").

1.      The Parties have agreed on a settlement of all claims of Plaintiffs and the Class against the Defendants.

2.      All terms, definitions, provisions, reservations, and conditions of such Settlement are more particularly set forth in the Stipulation.  To the extent that there may be any conflict between the terms, definitions, provisions, reservations, and conditions set forth in this Joint Motion and those set forth in the Stipulation, the terms, definitions, provisions, reservations, and conditions of the Stipulation shall govern.

3.      The purposes and intent of all parties to this Joint Motion are that, subject to the final approval of the Court, (i) a non-opt-out Class, as defined in paragraph 4 below, shall be certified pursuant to FED. R. CIV. P. 23(a) and (b)(2); (ii) the Actions and the Released Claims shall be finally and fully compromised, settled, and released, and (iii) the Actions shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of the Stipulation.

4.      As noted in the Stipulation, the Parties have agreed to, and do hereby propose, the following Class for certification by the Court for Settlement purposes only pursuant to the Stipulation:

> all holders of Embarcadero stock and their successors in interest and transferees, immediate and remote, from April 4, 2007 through June 22, 2007, other than Defendants and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

5.      In accordance with the provisions of the Stipulation, the Parties hereby move the Court for a Settlement Hearing, at which time (a) the parties will seek final certification of a non-opt-out Class and final approval of the terms of the Settlement as fair, reasonable, and adequate to

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this Joint Motion for Preliminary Approval of Proposed Settlement (the "Joint Motion") shall have the meanings and/or definitions given in the Stipulation of Settlement dated September 26, 2007, (the "Stipulation") entered into by and between the Parties, the original of which is attached to this Joint Motion.

1    the Class, and (b) Plaintiffs' Counsel will seek an award of attorneys' fees and expenses in the

2    amount of $900,000, which is unopposed by Defendants, to be awarded to Plaintiffs' Counsel as

3    fair and reasonable in light of the common benefit created on behalf of all Embarcadero

4    shareholders.

5    　　　　6.　　The Parties agree that both the Settlement and the attorneys' fees were negotiated at

6    arm's-length in good faith by the Parties, and reflect an agreement that was reached voluntarily

7    after consultation with competent legal counsel.

8    　　　　7.　　Parties suggest that among the factors favoring Settlement on the terms proposed in

9    the Stipulation are:

10    　　　　　　　　a.　　the uncertainty of the legal issues underlying the allegations in the Actions;

11    　　　　　　　　b.　　the assurance that the Class obtained benefits regardless of the outcome of
12    　　　　　　　　　　　further litigation;

13    　　　　　　　　c.　　the economy of costs/exposure reduction for the benefit of the Parties;

14    　　　　　　　　d.　　the costs of continued litigation; and

15    　　　　　　　　e.　　the prevailing consideration in all compromises and settlements that the
16    　　　　　　　　　　　Class or the Parties weighs the advantages and benefits of settlement against
    　　　　　　　　　　　the risks of loss.

17    　　　　8.　　Parties further represent to the Court that while the Defendants have denied, and

18    continue to deny, the allegations in the Actions, the Settlement, and the consideration therefore, are

19    fair, reasonable, and adequate, considering:

20    　　　　　　　　a.　　the complexity, expense, and likely duration of the litigation with respect to
21    　　　　　　　　　　　the further participation of the Parties;

22    　　　　　　　　b.　　the state of the proceedings and the amount of discovery completed;

23    　　　　　　　　c.　　the immediate benefits to the Class prior to the consummation of the Merger;
    　　　　　　　　　　　and

24    　　　　　　　　d.　　the concurrences of counsel for the Class and the Parties as reflected in their
25    　　　　　　　　　　　respective signatures to this Joint Motion.

26    　　　　9.　　Plaintiffs' Counsel represents to the Court that, in their opinion, the Settlement, as

27    proposed, is fair, reasonable, and adequate to the Class as proposed, especially in view of the

28

1  uncertainties and vagaries of further litigation with the Defendants, the immediate benefits

2  obtained for the Class, and the nature of the relief sought.

3       10.    In accordance with the provisions of the Stipulation, Plaintiffs' Counsel presents for

4  the approval of the Court the following proposed plan:

5       a.    Following the Court's determination that the Settlement is preliminarily

6  approved, Notice to all members of record of the Class, in the form attached
hereto as Exhibit A, shall be disseminated in accordance with the terms

7  contained in the Stipulation, informing the Class of the certification of a
mandatory Class; and informing members of the Class of their right to object

8  to the terms of the proposed Settlement and to be heard on their objections in
the Settlement Hearing to be conducted at a prescribed time and place and in

9  a prescribed manner.

10       b.    The Settlement Hearing shall be conducted in such manner as to assure full
compliance with applicable considerations of due process of law and the
provisions of the Federal Rules of Civil Procedure.

11

12       11.    Following certification of the Class, to assure that the members of the Class are

13  fully informed of (a) the prospective final certification of the Class, (b) the proposed Settlement,

14  (c) their rights to review the proposed Settlement documents, (d) their right to object to the

15  proposed Settlement, and (e) the means whereby they may make their objections and be heard

16  thereon at the Settlement Hearing to be held by the Court at a designated time and place, the Parties

17  suggest that the Notice be approved by the Court and ordered disseminated to the Class, as

18  provided in the Stipulation, in accordance with due process and the Federal Rules of Civil

19  Procedure.  Plaintiffs' Counsel shall be responsible for disseminating the Notice in accordance with

20  the terms in the Stipulation.

21       12.    To facilitate the proposed Settlement and in the interests of judicial economy, the

22  Parties request that the commencement and/or prosecution of any and all related actions and

23  proceedings (including discovery) by, on behalf of, or through any members of the Class against

24  any of the Defendants (excluding, however, those proceedings within the Actions necessary to

25  obtain certification of the Class and final approval of the Settlement embodied in the Stipulation),

26  should be enjoined and stayed during the pendency of these Settlement proceedings and until

27  further ordered by this Court.

28

13.     As described in the Stipulation, the Parties agree that, in the event of termination of the Stipulation, the Actions shall revert to their status before the execution of the MOU on August 6, 2007, as if related orders and papers and the efforts leading to the Stipulation had not been entered, prepared, or taken.

14.     The Parties agree that the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all Parties submit to the jurisdiction of the Court for the sole purpose of implementing and enforcing the Settlement embodied in the Stipulation.  By submitting to the jurisdiction of the Court for the limited purpose of this Settlement, the Defendants do not waive, and shall not be deemed to have waived, any jurisdictional defenses that were otherwise available prior to the execution of the MOU and/or the Stipulation.

**WHEREFORE, PARTIES REQUEST:**

A.     That the Court review the proposed Stipulation and that the Stipulation and the Settlement contained therein be preliminarily approved by the Court as fair, reasonable, and adequate, entered into in good faith after consultation with competent legal counsel (*See* [Proposed] Order Preliminarily Approving Settlement, attached hereto as Exhibit B);

B.     That the Court approve the form of Notice to the Class, and order its dissemination to the Class as provided in the Stipulation, so that the Court may obtain and consider comments/objections of the Class, if any, regarding the Stipulation and the Settlement set forth therein and consider its fairness, reasonableness, and adequacy;

C.     That the Court schedule a Settlement Hearing for final court approval, which time (a) the parties will seek certification of the Class and final approval of the terms of the Settlement, as defined in the Stipulation, to consider comments/objections regarding the Stipulation and the proposed Settlement set forth therein, and to consider its fairness, reasonableness, and adequacy under the provisions of the Federal Rules of Civil Procedure, and (c) Plaintiffs' Counsel will seek an award of attorneys' fees and expenses payable to Plaintiffs' Counsel in the amount of $900,000, which is unopposed by Defendants, as fair and reasonable in light of the common benefit created on behalf of all Embarcadero shareholders.  Prior to the scheduled Settlement Hearing, Plaintiffs' Counsel will file a memorandum of law supporting the final certification of the Class, approval of the terms of the Settlement and approval of the attorneys' fees and expenses (*See* [Proposed] Order and Final Judgment, attached hereto as Exhibit C);

D.     That the Court enjoin and stay the commencement and/or prosecution of any and all actions and proceedings relating to the Actions (including discovery) by, on behalf of, or through any member of the Class against any of the Defendants (excluding, however, those proceedings within the Actions necessary to obtain certification of the Class and final approval of the Settlement embodied in the Stipulation), during the pendency of this Settlement proceeding and until further ordered by this Court;

E.     That, should the Stipulation and the Settlement set forth therein not receive this Court's final approval, should final approval be reversed on appeal, or should the Stipulation and the Settlement set forth therein otherwise fail to become effective, the Parties shall be returned for all purposes to the status that existed just prior to the execution of the MOU on August 6, 2007, and all claims and defenses, including the right to assert jurisdictional defenses, shall not be deemed to be waived, and the Stipulation, as well as any negotiations, proceedings, documents prepared and statements made in connection therewith, shall have no further force and effect with respect to the Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*;

F.     That any member of the Class or party to the Actions who timely and properly files the appropriate documentation or an objection to the Settlement, as provided in the Notice, may appear at the Settlement Hearing and articulate why the Settlement should not be approved as fair, reasonable, and adequate;

G.     That in due course, and after appropriate notice and hearing(s), final judgment be entered by the Court, approving the Settlement, and all terms thereof as provided in the Stipulation, and dismissing with prejudice all actions of Plaintiffs, the Class, and the members of the Class as set forth in the Stipulation, under the terms and conditions of the Stipulation, against the Defendants (collectively and individually);

H.     That the Court maintain continuing jurisdiction solely for purposes of the Settlement proceedings to assure the effectuation thereof for the benefit of the Class; and

I.     For such other relief that this Court deems appropriate.

IN WITNESS WHEREOF, the parties hereto have caused the Joint Motion to be submitted, by their duly authorized attorneys.

Dated: September 26, 2007

SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP

By: _____
    Lee D. Rudy
    Michael J. Hynes
    Tara P. Kao
    280 King of Prussia Road
    Radnor, PA 19087

-and-

Alan R. Plutzik, Of Counsel (Bar No. 077785)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598

*Counsel for Plaintiffs Trudy Murray and Gerald Redwing*

Dated: September 26, 2007

HELLER EHRMAN LLP

By: _____
    Sara B. Brody
    333 Bush Street
    San Francisco, CA 94104

-and-

Lori Lynn Phillips
701 Fifth Avenue, Suite 6100
Seattle, WA 98104

*Counsel for Nominal Defendant Embarcadero Technologies, Inc.*

Dated: September 26, 2007
LATHAM & WATKINS LLP

By: Ethan Brown (by Lori Lynn Phillips per email authorization)
    Ethan Joseph Brown
    633 W. 5th Street #4000
    Los Angeles, CA 90071

*Counsel for Individual Defendant Stephen R. Wong*

Dated: September 26, 2007

HOWREY LLP

(by Lisa Lynn Phillips, per email authorization)

By: _Leigh Aimee Kirmsse_

Leigh Aimee Kirmsse
David A. Makman
525 Market Street
Suite 3600
San Francisco, CA 94105

-and-

Yuri Mikulka
2020 Main Street, Suite 100
Irvine, CA 92614

*Counsel for Individual Defendant Raj P. Sabhlok*

Dated: September 26, 2007

COOLEY GODWARD KRONISH LLP

(by Lisa Lynn Phillips, per email authorization)

By: _William Freeman_

William S. Freeman
Five Palo Alto Square, 3000 El Camino Real
Palo Alto, CA 94306-2155

*Counsel for Individual Defendants Frank M. Polestra, Michael J. Roberts, Stephen C. Ferruolo, Michael Shahbazian, Samuel T. Spadafora, Walter F. Scott, III, Timothy C.K. Chou, Gary F. Haroian, and Robert Lamvik*

Dated: September 26, 2007

REED SMITH LLP

(by Lisa Lynn Phillips, per email authorization)

By: _Kenneth Philpot_

Kenneth J. Philpot
Two Embarcadero Center, 20th Floor
San Francisco, CA 94111

*Counsel for Individual Defendant Dennis J. Wong*

Exhibit A

SCHIFFRIN BARROWAY
  TOPAZ & KESSLER, LLP
Lee D. Rudy                                      Alan R. Plutzik, of Counsel (Bar No. 077785)
Michael J. Hynes                                 2125 Oak Grove Road, Suite 120
Tara P. Kao                                      Walnut Creek, California 94598
280 King of Prussia Road                         Phone:  925-945-0770
Radnor, PA  19087                                Facsimile:  925-945-8792
Phone: (610) 667-7706
Facsimile: (610) 667-7056

Counsel for Plaintiffs
Trudy Murray and Gerald Redwing

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUDY MURRAY, individually on behalf of all others similarly situated, and derivatively on behalf of Nominal Defendant EMBARCADERO TECHNOLOGIES, INC.,<br><br>                     Plaintiff,<br><br>    v.<br><br>STEPHEN R. WONG, et. al.,<br><br><br>                   Defendants. | Case No. C07-0872-SBA |
| GERALD E. REDWING, derivatively on behalf of EMBARCADERO TECHNOLOGIES, INC.,<br>                 Plaintiff,<br>    v.<br><br>STEPHEN R. WONG, et. al.,<br>                Defendants. | Case No. C07-1401-SBA |

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MARVIN LOEB, Derivatively on Behalf of EMBARCADERO TECHNOLOGIES, INC., and Individually on Behalf of Shareholders of EMBARCADERO TECHNOLOGIES, INC.<br><br><br>                  Plaintiff,<br><br>    v.<br><br>STEPHEN R. WONG, et. al.,<br><br>                 Defendants. | Case No. CGC-07-460779 |

1

<u>NOTICE OF PENDENCY AND SETTLEMENT OF ACTIONS</u>
<u>AND OF SETTLEMENT HEARING</u>

**TO: ALL HOLDERS OF THE COMMON STOCK OF EMBARCADERO TECHNOLOGIES, INC. ("EMBARCADERO" OR THE "COMPANY") FROM APRIL 4, 2007 THROUGH AND INCLUDING JUNE 22, 2007, EXCLUDING DEFENDANTS STEPHEN R. WONG, TIMOTHY C.K. CHOU, GARY E. HAROIAN, ROBERT LAMVIK, FRANK M. POLESTRA, MICHAEL J. ROBERTS, RAJ P. SABHLOK, WALTER F. SCOTT, III, SAMUEL T. SPADAFORA, DENNIS J. WONG AND STEPHEN C. FERRUOLO, MICHAEL SHAHBAZIAN, AND ANY PERSON, FIRM, TRUST, CORPORATION, OR OTHER ENTITY RELATED TO OR AFFILIATED WITH ANY OF THE DEFENDANTS. PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. YOUR RIGHTS WILL BE AFFECTED. IF YOU HOLD EMBARCADERO COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE TRANSMIT THIS NOTICE TO SUCH BENEFICIAL OWNER.**

## I.    WHY YOU ARE RECEIVING THIS NOTICE

The purpose of the Notice is to advise you that the above-captioned actions relating to Embarcadero (the "Actions") are now pending in the United States District Court of Northern District of California (the "District Court") (the "Federal Actions") and the Superior Court of California, County of San Francisco (the "State Court") (the "State Action") and that the parties thereto have entered into a settlement (the "Settlement"), subject to Court approval, which would fully, finally and forever resolve the Actions on the terms and conditions summarized in this Notice.

A hearing (the "Settlement Hearing") will be held on _____, 2007, at _____, before the Honorable Saundra Brown Armstrong, at the courthouse of the United States District Court of Northern District of California, Oakland Division, 1301 Clay Street, Courtroom 3, 3rd Floor, Oakland, CA 94612-5212, for the purpose of considering: (i) whether the Settlement is fair, reasonable, adequate, and in the best interests of the Parties, and should be approved by the Court; (ii) whether a mandatory Class as defined herein should be certified; (iii) whether to enter judgment giving final approval to the Settlement, dismissing the Federal Actions with prejudice, and effectuating the releases described below[1]; (iv) whether the Plaintiffs' application for attorneys' fees and expenses should be granted if the Court approves the Settlement; and (v) such other necessary and proper matters.

The Parties believe that the terms of the Settlement are fair, reasonable, and adequate. The Parties have concluded that further litigation of the Actions could be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially in complex shareholder litigation like the Actions. The Parties therefore believe it is desirable that the Actions be fully and finally settled in the manner described in the Stipulation.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE THE FINDINGS OF THE COURT. IT IS BASED ON THE STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY ANY OF THE PARTIES.**

## II.    WHAT THE ACTIONS ARE ABOUT

The Actions include both shareholder derivative and class action claims brought derivatively for the benefit of nominal defendant Embarcadero and individually on behalf of the Class against the members of the Company's Board and certain of its executive officers (collectively, the "Individual Defendants," and together

---

[1] Should the Court approve the Settlement, the parties to the State Action will seek the dismissal of the State Action with prejudice.

with nominal defendant Embarcadero, the "Defendants"). The Individual Defendants are Stephen R. Wong, Timothy C.K. Chou, Gary E. Haroian, Robert Lamvik, Frank M. Polestra, Michael J. Roberts, Raj P. Sabhlok, Walter F. Scott, III, Samuel T. Spadafora, Dennis J. Wong, Stephen C. Ferruolo and Michael Shahbazian. The Actions allege breaches of fiduciary duties, unjust enrichment, and other violations of law. Specifically, the Actions allege that the Individual Defendants improperly engaged in, approved, and/or benefited from the "backdating" of stock options grants, filed false or misleading financial and proxy statements to conceal the improper backdating of stock options, and/or otherwise failed to exercise due care in overseeing the Company's stock option grants to directors and employees of the Company, all to the detriment of Embarcadero and its shareholders.

On April 5, 2007, it was announced that Embarcadero would become a wholly owned subsidiary of EMB Holding Corp., an affiliate of Thoma Cressey Bravo, Inc. ("TCB"), (the "Merger"). A definitive proxy statement was filed on May 24, 2007 ("Proxy Statement") in connection with the Merger. Thereafter, the Actions' complaints were amended to add both derivative and class action claims challenging the Merger and the comprehensiveness of the disclosures made in the Proxy Statement filed in connection with the Merger.

Plaintiff's Counsel conducted a series of discussions and negotiations with Defendants' Counsel concerning the perceived deficiencies in the Proxy Statement. Plaintiffs demanded, both orally and in writing, that additional information not included in the Proxy Statement, including the fact that the derivative claims arising out of the alleged backdating of stock option grants would likely be extinguished, be disclosed to shareholders in a supplemental proxy statement to be filed with the SEC. The Parties thereafter participated in arm's-length negotiations that resulted in a settlement of the Action based upon Defendants providing substantial additional disclosures concerning the Merger to Embarcadero public shareholders prior to voting on the Merger (the "Settlement"). Subsequently, Defendants published the supplemental proxy statement on June 11, 2007 (the "Supplement"). Following negotiations between the Parties, the Parties entered into a Memorandum of Understanding ("MOU") dated August 6, 2007, by and among Plaintiffs and Defendants that provided for the terms for settling the Action.

Defendants have denied and continue to deny each and every allegation of liability and wrongdoing on their part, assert that the claims brought against them are without merit, and believe that they have strong factual and legal defenses to the claims alleged. Defendants have agreed to the Settlement described below solely in order to fully and finally settle and dispose of all claims that have been or could have been raised in the Actions and to avoid the continuing burden, expense, inconvenience, and distractions of protracted litigation.

### III.   WHAT CLASS CERTIFICATION IS

For purposes of the Settlement, the Court has preliminarily certified a non-opt-out Class consisting of all persons who were record or beneficial owners of the Company's common stock at any time during the period from April 4, 2007 through June 22, 2007, inclusive, other than Defendants and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants. If you fit within this definition, you will be considered a member of the Class ("Class Member").

### IV.   WHAT THE SETTLEMENT PROVIDES

The Actions were initially filed in connection with the alleged backdating of stock options at Embarcadero; however, upon the announcement of the Merger, the Complaints were amended to include class action claims challenging the comprehensiveness of the disclosures made in the Proxy Statement filed in connection with the Merger. Upon review of the Proxy Statement, Plaintiff Murray demanded that various enhanced disclosures be undertaken before the shareholder vote on the Merger. Through discussions and negotiations, Plaintiffs and Defendants agreed to terms for settling the Actions, including, but not limited to, a requirement that Embarcadero file the Supplement that included the following disclosures:

- The fact that the consummation of the Merger would likely extinguish all stockholder derivative claims, including claims arising out of Embarcadero's historical stock option practices and related accounting;
- The services previously provided by Morgan Stanley to TCB as well as the fees previously paid for such services;
- The fee arrangement between Morgan Stanley and Embarcadero in connection with the potential sale of the Company;
- Clarification of the trading range analysis done by Morgan Stanley and contemplated by the Board in connection with the Merger;
- Clarification of the analysis of precedent transactions done by Morgan Stanley and contemplated by the Board in connection with the Merger; and
- Disclosure of the projections used by Morgan Stanley in connection with the leveraged buyout analysis done by Morgan Stanley and contemplated by the Board in connection with the Merger.

The Supplement was filed with the U.S. Securities and Exchange Commission ("SEC") and published to shareholders by press release and an 8-K filed with the SEC on or about June 11, 2007. Parties agree that the disclosures contained in the Supplement constitute a substantial benefit to all Class Members and allowed them to make a more fully informed decision with respect to the Merger. Parties acknowledge that this Settlement confers substantial benefit on Embarcadero's shareholders, derived from both the referenced disclosures and the efforts of Plaintiffs and Plaintiffs' Counsel.

## V.   WHAT CLAIMS THE SETTLEMENT WILL RELEASE

Pursuant to the terms of the Settlement, the Actions shall be dismissed with prejudice and the Plaintiffs, all Class Members, Embarcadero and all shareholders of Embarcadero shall be deemed to have fully, finally, and forever released and discharged all claims that have been or could have been alleged in the Actions. All claims of the Class that were asserted in the Actions will be released as provided under the Settlement, and the Class Members will be forever barred from seeking other or further relief on such claims.

## VI.   WHAT ATTORNEYS' FEES PLAINTIFFS' COUNSEL WILL SEEK

The Plaintiffs intend to apply to the Court for an award of no more than $900,000 for attorneys' fees and expenses, which Plaintiffs believe is fair and reasonable in light of all pertinent factors, including, among other things, the benefits achieved, the time and effort spent and out-of-pocket expenses incurred by Plaintiffs' counsel, the nature and difficulty of the case, and Plaintiffs' counsel's skill and experience.

## VII.   WHEN AND WHERE THE SETTLEMENT HEARING WILL BE HELD AND HOW TO OBJECT TO THE SETTLEMENT IF YOU WISH TO DO SO

Prior to deciding whether or not to approve the Settlement, the Court will hold a Settlement Hearing, which the Court may adjourn without further notice other than announcement at such Settlement Hearing or subsequent adjournment. The Court may approve the Settlement with or without modification agreed to by the Parties, and with or without further notice to Embarcadero's shareholders.

Embarcadero shareholders who comply with the procedures set forth below for making an appearance (personally or through counsel) may be heard to the extent allowed by the Court regarding the fairness, reasonableness, and adequacy of the Settlement at the Settlement Hearing to be held before the Honorable Saundra Brown Armstrong on _____, 2007, at _____, at the courthouse of the United States District Court of Northern District of California, Oakland Division, 1301 Clay Street, Courtroom 3, 3rd Floor, Oakland, CA 94612-5212. You are not required to retain your own counsel, but if you choose to do so it will be at your own expense. A shareholder wishing to assert an objection to the Settlement should, at least fourteen (14) business days prior to the Settlement Hearing:

(i) file with the Clerk of the Court notice of such shareholder's intention to appear, showing proof of ownership of Embarcadero common stock, including the number of shares of Embarcadero Common Stock held and the date of purchase, and providing a statement that indicates the basis for such appearance, the nature of such objection, the identities of any witnesses that such shareholder plans to call at the Settlement Hearing, and any documentation in support of any objection; and

(ii) simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs such shareholder files with the Court, in person or by mail upon both:

|  |  |
|---|---|
| Michael J. Hynes | Lori Lynn Phillips |
| SCHIFFRIN BARROWAY | HELLER EHRMAN LLP |
| TOPAZ & KESSLER, LLP | 701 Fifth Avenue, Suite 6100 |
| 280 King of Prussia Road | Seattle, WA 98104 |
| Radnor, PA 19087 |  |
| *Attorney for the Plaintiffs* | *Attorneys for the Defendants* |

Any shareholder who does not timely make his, her, or its objection to the Settlement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the Plaintiffs' application for attorneys' fees and expenses, and shall otherwise be bound by the Judgment to be entered on the releases given.

## IX.    NOTICE TO BANKS, BROKERS, OR OTHER NOMINEES

If you held Embarcadero common stock from April 4, 2007 to June 22, 2007, as a nominee for the benefit of another, you are directed to provide copies of this Notice to such beneficial owners, postmarked no later than ten (10) business days after receipt of this Notice.

## X.    HOW TO GET FURTHER INFORMATION

Further information regarding the Actions and this Notice may be obtained by contacting Plaintiffs' Counsel: Michael J. Hynes, SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP, 280 King of Prussia Road, Radnor, PA 19087, (610) 667-7706.

This Notice does not purport to be a comprehensive description of the Actions, the terms of the proposed Settlement or the scheduled Settlement Hearing. For more complete information concerning the Actions and the proposed Settlement, you may inspect the pleadings, the Stipulation, and other papers and documents filed with the Court during regular office hours at the Clerk's Office of the United States District Court of Northern District of California, Oakland Division, 1301 Clay Street, Oakland, CA 94612-5212.

**PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE**

Dated:    _____, 2007

BY ORDER OF THE UNITED STATES DISTRICT
COURT OF THE NORTHERN DISTRICT OF
CALIFORNIA

# Exhibit B

1  SCHIFFRIN BARROWAY
   TOPAZ & KESSLER, LLP
2  Alan R. Plutzik, of Counsel (Bar No. 077785)
   2125 Oak Grove Road, Suite 120
3  Walnut Creek, California 94598
   Phone: 925-945-0770
4  Fax: 925-945-8792
   -and-
5  Lee D. Rudy
   Michael J. Hynes
6  Tara P. Kao
   280 King of Prussia Road
7  Radnor, PA 19087
   Phone: (610) 667-7706
8  Fax: (610) 667-7056

9  Counsel for Plaintiffs
   Trudy Murray and Gerald Redwing
10
   [Additional Counsel on Signature Page]
11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14
   TRUDY MURRAY, on behalf of Embarcadero          Case No. C07-0872-SBA
15  TECHNOLOGIES, INC.,
                                                    **[PROPOSED] ORDER PRELIMINARILY**
16                              Plaintiff,          **APPROVING SETTLEMENT**

17          v.

18  STEPHEN R. WONG, et. al.,

19                              Defendants.

20  GERALD E. REDWING, on behalf of                Case No. C07-1401-SBA
    Embarcadero TECHNOLOGIES, INC.,
21
                                Plaintiff,
22
            v.
23
    STEPHEN R. WONG, et. al.,
24
                                Defendants.
25

26

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
CASE NOS. C07-0872-SBA AND C07-1401-SBA

1     Plaintiffs Trudy Murray and Gerald Redwing ("Plaintiffs") on behalf of themselves and the
2  Class (as defined in the Stipulation), and Nominal Defendant Embarcadero Technologies, Inc.
3  ("Embarcadero" or the "Company"), Stephen R. Wong, Timothy C.K. Chou, Gary E. Haroian,
4  Robert Lamvik, Frank M. Polestra, Michael J. Roberts, Raj P. Sabhlok, Walter F. Scott, III, Samuel
5  T. Spadafora, Dennis J. Wong,  Stephen C. Ferruolo and Michael Shahbazian (collectively, the
6  "Individual Defendants," and together with Embarcadero, the "Defendants," together with the
7  Plaintiffs, the "Parties"), having filed a motion for preliminary approval of the Stipulation of
8  Settlement (the "Stipulation") and the settlement contained therein (the "Settlement") entered into
9  by the Parties on or about September 26, 2007; said motion having come on for hearing before the
10  above-entitled Court; the Court having reviewed and considered all documents, evidence and
11  arguments of counsel presented in support of said motion; the Court being fully advised of the
12  premises and good cause appearing therefore, the Court enters this Order Preliminarily Approving
13  Settlement (the "Order") and, subject to final determination by the Court as to the fairness,
14  reasonableness, and adequacy of the Settlement, finds and orders as follows:

15     1.     Unless otherwise stated herein, all capitalized terms contained in this Order shall
16  have the same meaning and effect as stated in the Stipulation.

17     2.     The Court preliminarily certifies, for purposes of effectuating this Settlement only, a
18  non-opt-out Class pursuant to FED. R. CIV. P. 23 consisting of the following:

19     all holders of Embarcadero common stock and their successors in interest and
       transferees, immediate and remote, from April 4, 2007 through June 22, 2007, other
20     than Defendants and any person, firm, trust, corporation, or other entity related to or
       affiliated with any of the Defendants.
21

22     3.     For purposes of this Settlement only, the Court preliminarily finds and concludes
23  pursuant to FED. R. CIV. P. 23(a) and (b)(2) that: (a) the Class is so numerous that joinder of all
24  members is impracticable; (b) there are questions of law or fact common to the Class which
25  predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims
26  of the Class; (d) Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected the interests
27  of the Class; and (e) the predominant relief sought for the Class involves the uniform group

28

remedies of injunctive and declaratory relief and such relief is applicable and appropriate with respect to the Class as a whole.

4.     The Settlement, and the terms and conditions set forth thereby, is preliminarily approved as fair, reasonable, and adequate.

5.     The Notice specified in the Stipulation constitutes sufficient notice to the Class. Within fourteen (14) days after entry of this Order, the Plaintiffs shall disseminate Notice to the Class in accordance with the terms of the Stipulation, using the best address information that is presently available to the Parties as confirmed through a certified, national change of address database.  The costs and expenses of printing, preparing, and disseminating the Notice shall be borne by the Plaintiffs in accordance with the terms of the Stipulation.

6.     The Settlement Hearing shall be held by this Court on _____, 2007, at ___:__0 __.m., to consider and finally determine whether the Settlement is fair, reasonable, and adequate, and to hear objections, if any, made to the Settlement or any of its terms.  During the Settlement Hearing, the Court will also rule upon the agreed-to Fees and Expenses award.  The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class.

7.     If the Settlement receives Final approval by the Court ("Final Court Approval"), the Court shall enter the Order and Final Judgment (the "Final Order").  The Final Order shall be fully binding with respect to all members of the Class in accordance with the terms of the Stipulation.

8.     The Court adjudges that, upon the Effective Date, Plaintiffs and all members of the Class, together with their legal representatives, agents, heirs, successors in interest, transferees, and assigns, shall be deemed to have and by operation of the judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

9.     The Court adjudges that, upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims (including unknown claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims against Plaintiffs and Plaintiffs' Counsel.

10.     All discovery and other proceedings in the Actions, and any and all related actions or proceedings (including discovery) by, on behalf of, or through any member of the Class against any of the Defendants (excluding, however, those proceedings within the Actions necessary to obtain certification of the Class and final approval of the Settlement embodied in the Stipulation), are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement or this Order.

11.     In the event that the Settlement does not receive Final Court Approval, or the Settlement is terminated, rescinded, or fails to become effective in accordance with its terms, the Parties shall be restored to their respective positions in the litigation of the Actions as of August 6, 2007, and all claims and defenses, including the right to assert jurisdictional defenses, shall not be deemed to be waived.  In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in any proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc.*

12.     The dates of performance of this Order are as follows:

    (i)     The Person designated to administer Notice shall cause the Notice to be mailed to all reasonably identifiable members of record of the Class within fourteen (14) days of the entry of this Order;

    (ii)     Objections to the Settlement and notices of intention to appear at the Settlement Hearing shall be deemed timely only if postmarked at least fourteen (14) days before the Final Approval Hearing.

    (iii)     Plaintiffs' Counsel shall file and serve papers in support of Final Court Approval of the Settlement, which shall include any responses to any objections and request for the Fees and Expenses award at least seven (7) days before the Final Approval Hearing.

    (iv)     Defendants shall file and serve papers, if any, in support of Final Court Approval, if any, at least seven (7) days before the Final Approval Hearing.

    (v)     The Settlement Hearing shall be held on __, 2007 at ___:_0_ __.m.

DATED: _____, 2007

_____
THE HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATE DISTRICT COURT JUDGE

Exhibit C

1    SCHIFFRIN BARROWAY
     TOPAZ & KESSLER, LLP
2    Alan R. Plutzik, of Counsel (Bar No. 077785)
    2125 Oak Grove Road, Suite 120
3    Walnut Creek, California 94598
    Phone:  925-945-0770
4    Fax:  925-945-8792
    -and-
5    Lee D. Rudy
    Michael J. Hynes
6    Tara P. Kao
    280 King of Prussia Road
7    Radnor, PA  19087
    Phone: (610) 667-7706
8    Fax: (610) 667-7056

9    Counsel for Plaintiffs
    Trudy Murray and Gerald Redwing
10

11    [Additional Counsel on Signature Page]

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  TRUDY MURRAY, individually on behalf of all others similarly situated, and derivatively on behalf of Nominal Defendant, EMBARCADERO TECHNOLOGIES, INC., | Case No. C07-0872-SBA |
| | **[PROPOSED] ORDER AND FINAL JUDGMENT** |
| 17                                      Plaintiff, | |
| 18           v. | |
| 19  STEPHEN R. WONG, et. al., | |
| 20                                      Defendants. | |
| 21  GERALD E. REDWING, derivatively on behalf of EMBARCADERO TECHNOLOGIES, INC., | Case No. C07-1401-SBA |
| 22 | |
| 23                                      Plaintiff, | |
| 24           v. | |
| 25  STEPHEN R. WONG, et. al., | |
| 26                                      Defendants. | |

27

28

1        Plaintiffs Trudy Murray and Gerald Redwing ("Plaintiffs"), on behalf of themselves and

2   each of the members of the Class (as defined in the Stipulation), and Nominal Defendant

3   Embarcadero Technologies, Inc. ("Embarcadero" or the "Company"), Stephen R. Wong, Timothy

4   C.K. Chou, Gary E. Haroian, Robert Lamvik, Frank M. Polestra, Michael J. Roberts, Raj P.

5   Sabhlok, Walter F. Scott, III, Samuel T. Spadafora, Dennis J. Wong, Stephen C. Ferruolo and

6   Michael Shahbazian (collectively, the "Individual Defendants," and together with Embarcadero,

7   the "Defendants," together with the Plaintiffs, the "Parties"), having filed a motion for final

8   approval of the Stipulation of Settlement (the "Stipulation") and the settlement contained therein

9   (the "Settlement") entered into by the Parties on or about September 26, 2007; said motion having

10  come on for hearing before the above-entitled Court; the Court having reviewed and considered all

11  documents, evidence, objections (if any) and arguments presented in support of or against said

12  motion; the Court being fully advised of the premises and good cause appearing therefore, the

13  Court enters this Order and Final Judgment (the "Final Order") and, subject to final determination

14  by the Court as to the fairness, reasonableness, and adequacy of the Settlement, finds and orders as

15  follows:

16      1.      Unless otherwise stated herein, all capitalized terms contained in this Final Order

17  shall have the same meaning and effect as stated in the Stipulation.

18      2.      This Court has jurisdiction over the subject matter of the Federal Actions and over

19  all parties to the Federal Actions, including the Class.

20      3.      The Court certifies a non-opt-out Class pursuant to FED. R. CIV. P. 23(a) and (b)(2)

21  consisting of the following:

22      all holders of Embarcadero common stock and their successors in interest and
        transferees, immediate and remote, from April 4, 2007 through June 22, 2007, other
23      than Defendants and any person, firm, trust, corporation, or other entity related to or
        affiliated with any of the Defendants.
24

25      4.      With respect to the Class, this Court finds and concludes that the prerequisites for a

26  class action and non-opt-out Class have been satisfied in that: (a) the Class is so numerous that

27  joinder of all members is impracticable; (b) there are questions of law or fact common to the Class

28  which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the

claims of the Class; (d) the Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected the interests of the Class; and (e) the predominant relief sought for the Class involves the uniform group remedies of injunctive and declaratory relief and such relief is applicable and appropriate with respect to the Class as a whole.

5.   This Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, and the Parties are hereby directed to perform the terms of said Settlement.

6.   This Court hereby dismisses the Federal Actions against the Defendants with prejudice and without costs to Defendants, except as otherwise provided below.

7.   Upon the Effective Date hereof, Plaintiffs and all members of the Class, together with their legal representatives, agents, heirs, successors in interest, transferees, and assigns, shall be deemed to have and by operation of the judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Upon the Effective Date hereof, Plaintiffs and all members of the Class, or any of them, are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party, that have been or could have been asserted in the Actions, or that arise out of or relate in any way to the Merger or the Merger Agreement. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims (including unknown claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims against Plaintff and Plaintiffs' Counsel.

8.   Individual notice was disseminated to all members of the Class who could be identified through reasonable effort as the Court directed in the Preliminary Order.

9.   The Court hereby approves the Fees and Expenses award in the amount of $_____. Embarcadero or its successor(s) in interest is directed to pay to Plaintiffs' Counsel the Fees and Expenses award in accordance with the terms of the Stipulation.

10.     During the course of the litigation of the Actions, all Parties and their counsel acted in good faith, and complied with Rule 11 of the Federal Rules of Civil Procedure and comparable state law and rules of professional responsibility.

11.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Released Claim, or any wrongdoing or liability of the Defendants, or the Court's jurisdiction over the Released Parties for purpose of the Released Claims or for any other purpose; (b) an admission or concession by Plaintiffs or any member of the Class of any infirmity in the claims asserted in the Complaints; or (c) an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Released Parties may file the Stipulation and/or this Final Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Without affecting the finality of this Final Order in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and (b) all Parties hereto for the sole purpose of construing, enforcing and administering the Stipulation.

13.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Final Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED: _____

THE HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT COURT JUDGE