SCHIFFRIN BARROWAY
 TOPAZ & KESSLER, LLP
Alan R. Plutzik, of Counsel (Bar No. 077785)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Phone:  925-945-0770
Fax:  925-945-8792
-and-
Lee D. Rudy
Michael J. Hynes
Tara P. Kao
280 King of Prussia Road
Radnor, PA  19087
Phone: (610) 667-7706
Fax: (610) 667-7056

Counsel for Plaintiffs
Trudy Murray and Gerald Redwing

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUDY MURRAY, on behalf of Embarcadero TECHNOLOGIES, INC.,<br><br>                              Plaintiff,<br><br>     v.<br><br>STEPHEN R. WONG, et. al.,<br><br>                              Defendants. | Case No. C07-0872-SBA<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT** |
| GERALD E. REDWING, on behalf of Embarcadero TECHNOLOGIES, INC.,<br><br>                              Plaintiff,<br><br>     v.<br><br>STEPHEN R. WONG, et. al.,<br><br>                              Defendants. | Case No. C07-1401-SBA |

Plaintiffs Trudy Murray and Gerald Redwing ("Plaintiffs") on behalf of themselves and the Class (as defined in the Stipulation), and Nominal Defendant Embarcadero Technologies, Inc. ("Embarcadero" or the "Company"), Stephen R. Wong, Timothy C.K. Chou, Gary E. Haroian, Robert Lamvik, Frank M. Polestra, Michael J. Roberts, Raj P. Sabhlok, Walter F. Scott, III, Samuel T. Spadafora, Dennis J. Wong, Stephen C. Ferruolo and Michael Shahbazian (collectively, the "Individual Defendants," and together with Embarcadero, the "Defendants," together with the Plaintiffs, the "Parties"), having filed a motion for preliminary approval of the Stipulation of Settlement (the "Stipulation") and the settlement contained therein (the "Settlement") entered into by the Parties on or about September 26, 2007; said motion having come on for hearing before the above-entitled Court; the Court having reviewed and considered all documents, evidence and arguments of counsel presented in support of said motion; the Court being fully advised of the premises and good cause appearing therefore, the Court enters this Order Preliminarily Approving Settlement (the "Order") and, subject to final determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, finds and orders as follows:

1. Unless otherwise stated herein, all capitalized terms contained in this Order shall have the same meaning and effect as stated in the Stipulation.

2. The Court preliminarily certifies, for purposes of effectuating this Settlement only, a non-opt-out Class pursuant to FED. R. CIV. P. 23 consisting of the following:

> all holders of Embarcadero common stock and their successors in interest and transferees, immediate and remote, from April 4, 2007 through June 22, 2007, other than Defendants and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

3. For purposes of this Settlement only, the Court preliminarily finds and concludes pursuant to FED. R. CIV. P. 23(a) and (b)(2) that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected the interests of the Class; and (e) the predominant relief sought for the Class involves the uniform group

CASE NOS. C07-0872-SBA AND C07-1401-SBA                              1

remedies of injunctive and declaratory relief and such relief is applicable and appropriate with respect to the Class as a whole.

4. The Settlement, and the terms and conditions set forth thereby, is preliminarily approved as fair, reasonable, and adequate.

5. The Notice specified in the Stipulation constitutes sufficient notice to the Class. Within fourteen (14) days after entry of this Order, the Plaintiffs shall disseminate Notice to the Class in accordance with the terms of the Stipulation, using the best address information that is presently available to the Parties as confirmed through a certified, national change of address database. The costs and expenses of printing, preparing, and disseminating the Notice shall be borne by the Plaintiffs in accordance with the terms of the Stipulation.

6. The Settlement Hearing shall be held by this Court on January 29, 2008, at 1:00 p.m., to consider and finally determine whether the Settlement is fair, reasonable, and adequate, and to hear objections, if any, made to the Settlement or any of its terms. During the Settlement Hearing, the Court will also rule upon the agreed-to Fees and Expenses award. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class.

7. If the Settlement receives Final approval by the Court ("Final Court Approval"), the Court shall enter the Order and Final Judgment (the "Final Order"). The Final Order shall be fully binding with respect to all members of the Class in accordance with the terms of the Stipulation.

8. The Court adjudges that, upon the Effective Date, Plaintiffs and all members of the Class, together with their legal representatives, agents, heirs, successors in interest, transferees, and assigns, shall be deemed to have and by operation of the judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

9. The Court adjudges that, upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims (including unknown claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims against Plaintiffs and Plaintiffs' Counsel.

10. All discovery and other proceedings in the Actions, and any and all related actions or proceedings (including discovery) by, on behalf of, or through any member of the Class against any of the Defendants (excluding, however, those proceedings within the Actions necessary to obtain certification of the Class and final approval of the Settlement embodied in the Stipulation), are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement or this Order.

11. In the event that the Settlement does not receive Final Court Approval, or the Settlement is terminated, rescinded, or fails to become effective in accordance with its terms, the Parties shall be restored to their respective positions in the litigation of the Actions as of August 6, 2007, and all claims and defenses, including the right to assert jurisdictional defenses, shall not be deemed to be waived. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in any proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

12. The dates of performance of this Order are as follows:

(i) The Person designated to administer Notice shall cause the Notice to be mailed to all reasonably identifiable members of record of the Class within fourteen (14) days of the entry of this Order;

(ii) Objections to the Settlement and notices of intention to appear at the Settlement Hearing shall be deemed timely only if postmarked at least fourteen (14) days before the Final Approval Hearing.

(iii) Plaintiffs' Counsel shall file and serve papers in support of Final Court Approval of the Settlement, which shall include any responses to any objections and request for the Fees and Expenses award at least seven (7) days before the Final Approval Hearing.

(iv) Defendants shall file and serve papers, if any, in support of Final Court Approval, if any, at least seven (7) days before the Final Approval Hearing.

(v) The Settlement Hearing shall be held on January 29, 2008, at 1:00 p.m..

DATED: October 4, 2007

_____
THE HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATE DISTRICT COURT JUDGE