SCHIFFRIN BARROWAY
 TOPAZ & KESSLER, LLP
Alan R. Plutzik, of Counsel (Bar No. 077785)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Phone: 925-945-0770
Fax: 925-945-8792
-and-
Lee D. Rudy
Michael J. Hynes
Tara P. Kao
280 King of Prussia Road
Radnor, PA 19087
Phone: (610) 667-7706
Fax: (610) 667-7056

Counsel for Plaintiffs
Trudy Murray and Gerald Redwing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUDY MURRAY, individually on behalf of all others similarly situated, and derivatively on behalf of Nominal Defendant, EMBARCADERO TECHNOLOGIES, INC., <br><br>Plaintiff,<br><br>v.<br><br>STEPHEN R. WONG, et. al.,<br><br>Defendants. | Case No. C07-0872-SBA <br><br>**FINAL ORDER** |
| GERALD E. REDWING, derivatively on behalf of EMBARCADERO TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN R. WONG, et. al.,<br><br>Defendants. | Case No. C07-1401-SBA |

1          Plaintiffs Trudy Murray and Gerald Redwing ("Plaintiffs"), on behalf of themselves and
2   each of the members of the Class (as defined in the Stipulation), and Nominal Defendant
3   Embarcadero Technologies, Inc. ("Embarcadero" or the "Company"), Stephen R. Wong, Timothy
4   C.K. Chou, Gary E. Haroian, Robert Lamvik, Frank M. Polestra, Michael J. Roberts, Raj P.
5   Sabhlok, Walter F. Scott, III, Samuel T. Spadafora, Dennis J. Wong, Stephen C. Ferruolo and
6   Michael Shahbazian (collectively, the "Individual Defendants," and together with Embarcadero,
7   the "Defendants," together with the Plaintiffs, the "Parties"), having filed a motion for final
8   approval of the Stipulation of Settlement (the "Stipulation") and the settlement contained therein
9   (the "Settlement") entered into by the Parties on or about September 26, 2007; said motion having
10  come on for hearing before the above-entitled Court; the Court having reviewed and considered all
11  documents, evidence, objections (if any) and arguments presented in support of or against said
12  motion; the Court being fully advised of the premises and good cause appearing therefore, the
13  Court enters this Final Order (the "Final Order") and, subject to final determination by the Court as
14  to the fairness, reasonableness, and adequacy of the Settlement, finds and orders as follows:

15       1.   Unless otherwise stated herein, all capitalized terms contained in this Final Order
16  shall have the same meaning and effect as stated in the Stipulation.

17       2.   This Court has jurisdiction over the subject matter of the Federal Actions and over
18  all parties to the Federal Actions, including the Class.

19       3.   The Court certifies a non-opt-out Class pursuant to FED. R. CIV. P. 23(a) and (b)(2)
20  consisting of the following:

> all holders of Embarcadero common stock and their successors in interest and
> transferees, immediate and remote, from April 4, 2007 through June 22, 2007, other
> than Defendants.

23       4.   With respect to the Class, this Court finds and concludes that the prerequisites for a
24  class action and non-opt-out Class have been satisfied in that: (a) the Class is so numerous that
25  joinder of all members is impracticable; (b) there are questions of law or fact common to the Class
26  which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the
27  claims of the Class; (d) the Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected
28  the interests of the Class; and (e) the predominant relief sought for the Class involves the uniform

group remedies of injunctive and declaratory relief and such relief is applicable and appropriate with respect to the Class as a whole.

5. This Court hereby appoints counsel for Plaintiffs Trudy Murray and Gerald Redwing, Schiffrin Barroway Topaz & Kessler, LLP, as class counsel under Fed. R. Civ. P. 23(g).

6. This Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, and the Parties are hereby directed to perform the terms of said Settlement.

7. This Court hereby dismisses the Federal Actions against the Defendants with prejudice and without costs to Defendants, except as otherwise provided below.

8. Upon the Effective Date hereof, Plaintiffs and all members of the Class, together with their legal representatives, agents, heirs, successors in interest, transferees, and assigns, shall be deemed to have and by operation of the judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Upon the Effective Date hereof, Plaintiffs and all members of the Class, or any of them, are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party, that have been or could have been asserted in the Actions, or that arise out of or relate in any way to the Merger or the Merger Agreement. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims (including unknown claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims against Plaintiff and Plaintiffs' Counsel.

9. Individual notice was disseminated to all members of the Class who could be identified through reasonable effort as the Court directed in the Preliminary Order.

10. The Court hereby approves the Fees and Expenses award in the amount of nine hundred thousand dollars and no cents ($900,000.00). Embarcadero or its successor(s) in interest

1   is directed to pay to Plaintiffs' Counsel the Fees and Expenses award in accordance with the terms of the Stipulation.

11.     During the course of the litigation of the Actions, all Parties and their counsel acted in good faith, and complied with Rule 11 of the Federal Rules of Civil Procedure and comparable state law and rules of professional responsibility.

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Released Claim, or any wrongdoing or liability of the Defendants, or the Court's jurisdiction over the Released Parties for purpose of the Released Claims or for any other purpose; (b) an admission or concession by Plaintiffs or any member of the Class of any infirmity in the claims asserted in the Complaints; or (c) an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Released Parties may file the Stipulation and/or this Final Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Final Order in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and (b) all Parties hereto for the sole purpose of construing, enforcing and administering the Stipulation, and the Parties agree that any such dispute shall be heard by a Magistrate Judge of this Court.

14.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Final Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered

/ / / /

/ / / /

/ / / /

1 | and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. All matters calendared in this action are vacated. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

DATED: February 15, 2008

_____
THE HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT COURT JUDGE